## HENRY WEYER et al. v. JOHN AND EARNEST WEGNER.

### SUPREME COURT, GALVESTON TERM, 1883.

*Trespass—Evidence.*—In an action founded upon an alleged illegal entry upon premises, under circumstances carrying insult and indignity to the occupants, whether present at the time or not, in order to show whether the entry was vexatiously, wantonly or maliciously made, it was proper to show the acts and declarations of the parties at the time, which gave character to the entry and showed its purpose.

*Same—Statutes Construed.*—Arts. 91. 93, C. C. P., have reference solely to the interposition of a peace officer to prevent the commission of a threatened offense, or of an offense about to be committed in the presence of such officer. Article 343 simply gives to all persons the right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, before a magistrate.

*Same—Charge.*—Where the facts exhibit a case in which persons entered the premises of others without their consent, against their will, and without lawful authority, by their words and acts declaring to the world that they had good reason to believe that the plaintiffs were in possession of property which had been acquired by crime, when in fact there was no ground whatever for such a charge,

*Held*—That such facts authorized a charge that the jury might find exemplary damages.

Appeal from Galveston county.    Opinion delivered by Stayton, J.

This suit having been brought to recover damages for a trespass alleged to have been committed upon the premises owned by John and Ernest Wegner, and in which they are both plaintiffs, seeking to recover for an injury committed upon the common property, it is claimed that it was error to admit evidence of insulting language towards Ernest Wegner, who was present upon the premises, and that it was error to admit in evidence the acts of the appellants while upon the premises, indicative of a belief that there was property on the premises acquired in violation of the criminal laws of this State, which one of the plaintiffs was attempting to conceal.

This proposition is based upon the theory that, if the words and acts were actionable, they gave cause of action to Ernest Wegner alone.

This would certainly be true if the language and acts, evidence in regard to which objection was made, had been made the foundation of the action.    This, however, is not the case.

The action is founded upon an alleged illegal entry upon the land of the appellees, under circumstances carrying insult and indignity to them, whether present, at the time, or not, and in order to show whether that entry was vexatiously, wantonly or maliciously made, it was proper to show the acts and declarations of the parties at the time, which gave character to the entry and showed its purpose.    (Cook v. Garza, 9 Tex 362.).

The language and acts showed that the entry was made for the purpose of searching the premises for hides of cattle which, notwithstanding the declaration of the plaintiffs to the contrary, it was claimed, were unlawfully acquired and concealed upon the premises, and they tended to show that

the determination to enter and search the premises was augmented by the simple fact, that one of the plaintiffs insisted upon the recognition of the right, which the law guarantees to every citizen in the constitutional declaration that "the people shall be secure in their persons, houses, papers and possessions from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them, as near as may be, nor without probable cause, supported by oath or affirmation."

None of the appellants professed to have any knowledge that grounds existed which authorized the entry upon the premises for the purpose of making a search, even after a proper warrant might be obtained, nor did they profess to have information from others which would authorize such a course.

The search evidenced the fact that the entry was not only unwarranted by the existence of the facts which would justify it, but that it was vexatious.

The court in effect instructed the jury that the search warrant was sufficient to protect the appellants from damages for the search of the premises which they made, and submitted no question to the jury as to whether or not probable cause existed for suing out the search warrant, and limited the right of appellees in their recovery of damages for the trespass in entering the premises.

Under this state of case it is not necessary to consider the sufficiency of the search warrant and of the affidavit upon which it was based, nor to consider whether probable cause existed for suing out the writ.

It is insisted, that the appellants had the right to enter peaceably upon the premises of the appellees for the purpose of retaking their property. Before such a right could exist, the appellants must have had property upon the premises of the appellees. The search evidenced that they had no property there, hence the right of recapture need not be considered.

It is claimed that the magistrate, who was one of the party, was authorized by verbal order to direct the entry upon the land, to discover and prevent crime, and we are referred to Code of Criminal Procedure, Arts. 91, 93 and 343, for the law giving such power.

The first two articles cited have reference solely to the interposition of a peace officer to prevent the commission of a threatened offense, or of an offense about to be committed in the presence of such officer, and the facts of this case furnished no ground for the action of the peace officer under either of the articles. Article 343 simply gives, to all persons the right to prevent the consequences of theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, before a magistrate. None of these articles confer the power claimed. No offense had been committed, nor was any threatened or about to be committed in the presence of the magistrate.

The court did not err in refusing to give in its charge to the jury the law making it an offense under given circumstances to skin cattle, for there were no facts making such a charge pertinent or proper.

It is claimed that the court erred in instructing the jury that they may find exemplary damages, if they believed certain facts to exist. The court insrtucted the jury as follows : "If you should further believe from the evidence that the defendant did so wrongfully enter upon the plaintiff's premises with malice, or evil intent, or vexatiously, or in an offensive or insulting manner, then the jury would be authorized, in addition to nominal damages, to find a verdict also for the plaintiff's for such punitive, or exemplary damages as the jury may think right and just under all the evidence and circumstances of the case." The court further instructed the jury, that if the entry was illegal, but peaceable, the damages should only be nominal.

The law applicable to this question is well settled, and it only remains to consider whether the facts justified the giving of a charge which permitted the jury to give exemplary damages.

That the entry was made without the semblance of a writ authorizing it, is made certain by the evidence ; that the entry was made for the purpose of searching the premises for hides of animals which, it was claimed were in the possession of the plaintiff, and had been illegally acquired, is rendered equally certain ; that the entry was made for the purpose of watching the plaintiffs lest he secrete hides for which they were seeking, is placed beyond question ; that

no hides, other than such as were legally in the posession of the plaintiff were on the place, is evidenced here by the return made upon the search warrant; and it does not even appear that any person had informed either of the defendants that any cause had existed for entering upon and searching the premises of the plaintiffs.

These facts then exhibit a case in which persons entered the premises of others without their consent, against their will, and without lawful authority, by their words and acts declaring to the world that they had good reason to believe that the plaintiffs were in possession of property which had been acquired by crime, no less degrading than theft, when in fact there was no ground whatever for such a charge. There is, perhaps, no man, unless it be one wanting in all honorable feeling, who would not feel that such an entry upon his premises, for such a purpose was an insult, most grievous in its character, and in the absence of cause therefor, most vexatious and wanton. No greater indignity could be heaped upon a man than to enter his premises with a charge, that thereon was property acquired by crime, and that the presence of the intruder was for the purpose of keeping guard over the owner of the premises to prevent him from concealing it—thus leaving the accusation that the owner was the criminal, or ready to assist some other person who was.

The facts justified the charge given, and the judgment is affirmed.

